UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL LEE HOWARD,**

    **Plaintiff,**

**v.**              Case No: 6:17-cv-1149-Orl-37GJK

**MICHAEL ALLEY and KELLY HAMAN,**

    **Defendants.**

## ORDER AND DIRECTIONS TO CLERK

This case is before the Court on the following matters:

1. Plaintiff has filed a Motion for Temporary Restraining Order (Doc. 11). Plaintiff appears to be requesting the Court to issue a temporary restraining order because Defendants used excessive force against him in 2016. (*Id*. at 2-3.)

The Eleventh Circuit has fashioned a four factor test for granting an injunction in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted). "The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir.

1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

Further, Plaintiff must comply with Local Rules 4.05 and 4.06 of the United States District Court for the Middle District of Florida and Federal Rule of Civil Procedure 65 in drafting his motion. These rules govern this Court's decision as to whether a temporary restraining order or preliminary injunction shall issue.

In this case, Plaintiff has neither complied with the applicable rules nor convinced the Court that he will suffer irreparable injury if the mandatory restraining order and mandatory injunction, whether by temporary or preliminary injunction, are not granted. Therefore, Plaintiff's motion for temporary restraining order is **DENIED**.

2. Within **TWENTY (20) DAYS** from the date of this Order, the **United States Marshal** shall mail, via certified mail, one copy of the Amended Civil Rights Complaint, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, and one copy of this Order to Defendants Michael Alley and Kelly Haman.[1] The Marshal shall fill in the date of mailing in the

---

[1]Although Defendants may file the Waiver of Service of Summons (the "Waiver") directly with the Court, in the event Defendant returns the Waiver directly to Plaintiff, Plaintiff shall file the Waiver with the Court within ten days of receipt thereof. Plaintiff's failure to do so may result in the dismissal of this action without further notice.

blanks at the end of the Notice of Lawsuit and Request for Waiver of Service of Summons forms that reads: "I certify that this request is being sent to you on the date below." The Marshal shall send Defendants a stamped, self-addressed envelope for returning the Waiver of Service of Summons to the Court. All costs of mailing shall be advanced by the United States.

3. Defendants shall have thirty (30) days from the date that the Waiver of Service of Summons was sent to return the Waiver of Service of Summons, if they choose to do so. If Defendants choose to return the Waiver of Service of Summons, Defendants should use the addressed, stamped envelope provided.

4. If Defendants return the Waiver of Service of Summons, Defendants shall have sixty (60) days from the date that the Waiver of Service of Summons was sent in which to answer or otherwise respond to the Amended Complaint.

5. If Defendants do not return the Waiver of Service of Summons, the Marshal will be directed to personally serve Defendants. In that event, Defendants shall have **TWENTY-ONE (21) DAYS** from the date of service of process in which to answer or otherwise respond to the Amended Complaint.

6. Before counsel has appeared for Defendants, Plaintiff shall send to Defendants a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Defendants, the copy shall be sent directly to counsel for Defendants, rather than to Defendants personally. Plaintiff shall include with each pleading, motion, or other paper submitted

to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendants or counsel for Defendants.

7. The **Clerk of Court** is directed to provide the Marshal with the following for each of the two Defendants: 1) two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, and five copies of the USM-285 form; 2) one copy of the Amended Complaint (Doc. 7); and 3) a copy of this Order.

8. Plaintiff's request to proceed *in forma pauperis*, contained within his Affidavit of Indigency (Doc. 2), is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee.

9. Because Plaintiff has less than a $10.00 balance in his prison trust fund account, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

10. As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto:

(a) the full name of the prisoner;

(b) the prisoners inmate number (#H6302-552-87-01); and,

(c) Middle District of Florida Case Number (6:17-cv-1149-Orl-37GJK).

Checks or money orders which do not have this information will be returned to the penal institution.

11. Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him lapses in its duty to make payments on his/her behalf. For this reason, if Plaintiff is transferred to another jail or correctional institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

12. The **Clerk of Court** shall **MAIL** a copy of this Order and the Prisoner Consent Form (Doc. 9) in jail cases to: Administrator of the Inmate Trust Fund Account, Brevard County Jail, 860 Camp Road, Cocoa, Florida, 32927.

13. Plaintiff's Motion to Appoint Process Server (Doc. 10) is **DENIED**. Service will be effectuated per the directions *supra*.

**DONE AND ORDERED** in Orlando, Florida, on October 24th , 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Michael Lee Howard